## WHITESIDES v. BACON.

(Court of Civil Appeals of Texas. Amarillo. June 29, 1912. Rehearing Denied Oct. 12, 1912.)

1. FRAUDULENT CONVEYANCES (§ 160*)—INSOLVENT DEBTOR—GRANTEE'S KNOWLEDGE OF FRAUD—CONSIDERATION.

All sales made by an insolvent debtor to hinder, delay, and defraud creditors, when such intention is known to the purchaser, or could have been known by the use of ordinary diligence, are void as against the creditors of the vendor, though the purchaser may have paid a valuable consideration.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 512–514; Dec. Dig. § 160.*]

2. FRAUDULENT CONVEYANCES (§ 168*) — TRANSFER AND PAYMENT OF DEBT—VALIDITY.

An insolvent debtor may transfer property to a creditor in payment of the debt, provided the creditor receiving the property acts in good faith, and takes the same for the sole purpose of collecting a bona fide debt, though the effect of the transaction is to hinder and delay other creditors, or to prevent them from collecting their debts.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 494, 520; Dec. Dig. § 168.*]

3. TRIAL (§ 260*) — INSTRUCTIONS — REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

It is not error to refuse special charges where the charge given considered as a whole substantially presents the law of the case, and the requests, in so far as they state correct propositions of law applicable to the case, are embraced in the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Collingsworth County; S. P. Huff, Judge.

Suit by Pratt P. Bacon, as trustee in bankruptcy of S. E. Whitesides, against Mildred N. Whitesides and her husband, to set aside an alleged fraudulent conveyance. Judgment for plaintiff, and Mildred N. Whitesides appeals. Affirmed.

J. L. Lackey, of Wellington, J. D. Head, and Glass, Estes, King & Buford, all of Texarkana, for appellant. L. R. Thomason, of Poplar Bluff, Mo., and Hart, Mahaffey & Thomas, of Texarkana, for appellee.

PRESLER, J. This suit was instituted in the district court of Collingsworth county against S. E. and Mildred N. Whitesides, husband and wife, by Pratt P. Bacon, as trustee of the bankrupt estate of S. E. Whitesides. Substantially its purpose is to set aside and cancel the deed executed by S. E. Whitesides on October 4, 1906, conveying for a cash consideration recited as $3,500 to Mildred N. Whitesides, his wife, a section of land in Collingsworth county. Appellee, plaintiff below, claimed that the conveyance was executed without consideration at a time when S. E. Whitesides was insolvent, and that it was in fraud of the creditors of the Whitesides estate. There are specifications of fraud to the effect that Mrs. Mildred N. Whitesides knew of the purpose and intent of S. E. Whitesides to defraud his creditors at the time the deed was executed, and also knew of his insolvency, and took the deed and claimed the land for the purpose of aiding him to defraud his creditors; also that, if any consideration passed from her to S. E. Whitesides for the said conveyance, such consideration was out of the community funds of herself and said Whitesides, and in consequence thereof did not have the effect to make the land her separate estate. There was an additional claim that the value of the land exceeded the consideration paid, but it was agreed at the beginning of the trial that no proof would be offered to sustain that charge, inasmuch as the consideration recited in the deed was not in fact unreasonably less than the value of the land. S. E. Whitesides answered, disclaiming any interest in the land, and alleging that the property is the separate property of his wife. Mrs. Mildred N. Whitesides answered that she purchased the property from S. E. Whitesides for $3,500; that at the time the conveyance was executed he was indebted to her in an amount of money in excess of $4,000 and that for $3,500 of said indebtedness he made the conveyance to her; that, while the deed recites the consideration to be $3,500 in cash, yet that the said amount had been paid or loaned to S. E. Whitesides in cash prior to the time the deed was executed and out of her separate funds. She denied that any fraud was perpetrated, and particularly denied being a party to the fraud charged, if, in fact, there was any fraud about the transaction. The jury returned a verdict in favor of appellee (plaintiff below), directing the conveyance to Mildred N. Whitesides be canceled. Judgment based upon said verdict was duly entered, from which appellant appeals to this court and assigns numerous errors to the action of the court as to the general charge given, and in refusing the special charges requested and in the admission of evidence, which we do not deem it necessary to here consecutively consider.

As stated by appellant in her brief, the material issues to be determined by the jury in this case, were: First. Was S. E. Whitesides insolvent at the time this property was conveyed to his wife? Second. If insolvent, was he indebted to Mrs. Whitesides? Third. If so, did she receive this property for the purpose of collecting her debt?

[1, 2] Without waiving other assignments, appellant particularly insists upon those

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

which relate to the fourth, fifth, sixth, and seventh paragraphs of the court's charge, together with the fifth and eleventh special charges, that relate to the same subject and refused by the court. The paragraphs referred to are as follows:

"(4) All sales or gifts made by an insolvent debtor, and made for the purpose of hindering, delaying, or defrauding his creditors, when such intention is known to the purchaser, or could have been known by the use of ordinary diligence, even though the purchaser may have paid a valuable consideration for such property, are void as against the creditors of the vendor.

"(5) But an insolvent debtor has the right to transfer his property to one of his creditors in payment of the debt due such creditor, even though the effect of such transfer is to hinder and delay other creditors, providing the creditor receiving such property acts in good faith and takes the property for the sole purpose of collecting a bona fide debt. The fact that such transfer may have the effect of preventing other creditors from collecting their debts will make no difference.

"(6) If you shall find from the evidence that at the date of the deed from S. E. Whitesides to his wife, Mildred N. Whitesides, October 4, 1906, that the said Whitesides was insolvent, as that term is defined heretofore in this charge, and so known to be by his wife, or if she was in possession of facts, if pursued with reasonable diligence, would have led to such knowledge, whether it was a gift or was upon a consideration paid for said land or not by his wife, Mildred N. Whitesides, would render the transfer void, and, if you so find, the effect of the deed would be to hinder, delay, or defraud the creditors of S. E. Whitesides, you should find for the plaintiff for the land in question, and canceling the deed to Mildred N. Whitesides.

"(7) If, however, you shall find from the evidence that S. E. Whitesides was justly indebted to his wife, Mildred N. Whitesides, on the 4th day of October, 1906, and if he conveyed the land in question in payment of such indebtedness, or a part thereof, and if the only purpose on the part of Mrs. Whitesides in taking such conveyance was to collect her debt, or a part thereof, the conveyance would be valid, even though you may believe S. E. Whitesides was insolvent, and that his purpose in making such conveyance was to hinder, delay, or defraud other creditors, and you should find for Mildred N. Whitesides."

And the fifth and eleventh charges refused are thus set out in appellant's brief: "(5) You are instructed that, even if you should find that S. E. Whitesides was insolvent at the time he made the conveyance complained of and that his wife knew the same or should have known it, yet, if you further find that said Whitesides was then indebted to his wife in a sum of money, he had a right to prefer her as a creditor, if he saw fit to do so, and he also had a right to convey to her property in payment of such debt to the exclusion of other creditors. If, then, from the testimony you should find that the said Whitesides was insolvent on October 4, 1906, and that the property conveyed to her had the effect to prefer his wife to the exclusion of other creditors, yet, if he was then indebted to her and the property conveyed was in cancellation of said indebtedness or a part thereof, then your verdict should be for defendants."

"(11) You are instructed that while the moving or primary purpose of a debtor, in paying to a creditor a debt by conveying to him property, may be to prevent some other creditor from subjecting it to the payment of a sum due to him, and that the creditor to whom the conveyance was made knew such to be the debtor's purpose, still such conveyance within the meaning of the law would not be, on account of such purpose, a fraudulent one as to the creditor, to whom it was conveyed, if the purpose of such creditor in accepting the conveyance was solely to get payment of what was due him. So in this case, even if you were to believe that Mr. Whitesides' purpose in making the conveyance to Mrs. Whitesides was to prevent other creditors from subjecting the land conveyed thereby to the payment of the other debts, and that she knew such was his purpose, yet, if Mrs. Whitesides accepted it solely to get a payment of a debt that was due her, then your verdict should be for the defendant."

[3] We are of the opinion that the charge thus complained of, considered as a whole, substantially presents the law of the case as made by the pleadings and the evidence and that the special charges refused, in so far as they state correct propositions of law applicable to this case, are embraced in the general charge given.

Having thoroughly examined the record and the authorities cited, with reference to each of appellant's assignments, we are of the opinion that there is no reversible error shown under any or either of them, and the verdict of the jury and the judgment appealed from appearing to be supported by the evidence, upon each material phase of the case, we therefore conclude that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.